# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL A. INGRAM, SR. | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CV414-261 |
| | ) |
| STATE OF GEORGIA, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Michael A. Ingram, Sr. brings this unspecified habeas proceeding against the State of Georgia. Doc. 1. He alleges defects with an ongoing state criminal case against him, and wants all charges dismissed. *Id.* at 1-6 (alleging, *inter alia*, violation of his preliminary hearing rights and asking to "be set free."). He does not cite a particular statute, but because he challenges the legality of his pretrial detention rather than incarceration pursuant to a judgment of conviction, his petition is properly brought pursuant to 28 U.S.C. § 2241. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261–62 (11th Cir. 2004).

Pretrial § 2241 petitions must be exhausted. *Wilkinson v. Dotson*, 544 U.S. 74, 79 2005) (all habeas corpus actions "require a petitioner to

fully exhaust state remedies"); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."). Georgia law

> allows pretrial detainees to raise each of these types of claims either during state criminal proceedings or collaterally in a state habeas corpus action. *See Perera v. Miller*, 283 Ga. 583, 662 S.E.2d 544, 544 (Ga. 2008) (noting that criminal defendants can bring speedy trial claim and ineffective assistance of counsel claims during the course of criminal proceedings); *Jackson v. State*, 279 Ga. 449, 614 S.E.2d 781, 783–84 (Ga. 2005) (ruling on speedy trial claim and due process claim based on preindictment delay; claims initially brought in motion for a new trial and reasserted on direct appeal); *Rainwater v. Langley,* 277 Ga. 127, 587 S.E.2d 18, 19–20 (Ga. 2003) (challenging pretrial detention in state habeas petition); *Banks v. Waldro*p, 272 Ga. 475, 531 S.E.2d 708, 708 (Ga. 2000) (holding that challenge to pretrial detention based on contention of improper denial of bail is properly brought in state habeas petition); *McClure v. Hopper*, 234 Ga. 45, 214 S.E.2d 503, 506 (Ga. 1975) (holding that claim based on denial of a timely first appearance may be cognizable in habeas corpus action).

*Harvey v. Corbin*, 2011 WL 4369828 at * 2 (S.D. Ga. Aug. 12, 2011). While Ingram's petition does not indicate whether he has exhausted his state court remedies, the state docket shows he has not. And, as in *Harvey*, he "has not alleged, and there is nothing in the record to suggest, that he filed a state habeas petition challenging his pre-trial detention." *Id.* Therefore, his § 2241 petition should be **DISMISSED**

**WITHOUT PREJUDICE** so that he may exhaust available state remedies.[1]

**SO REPORTED AND RECOMMENDED** this 8th day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Ingram "does not need a certificate of appealability to appeal the dismissal of his section 2241 petition. *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n. 3 (11th Cir. 2003) (federal prisoners proceeding under section 2241 do not need a certificate of appealability to appeal)." *Ellis v. United States*, 2014 WL 6653035 at * 1 n. 3 (11th Cir. Nov. 25, 2014).